UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICE NEIL,

                    Plaintiff,

       -against-

PORTFOLIO RECOVERY ASSOCIATES, LLC,

                    Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  3/22/2023
```

23 Civ. 2220 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On March 15, 2023, Defendant, Portfolio Recovery Associates, LLC, removed this action from the Civil Court of the City of New York, County of Bronx, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. ECF No. 1 at 1. Previously, on March 14, 2023, the state court action was dismissed pursuant to a stipulation of the parties, which was so ordered by the state court and states that the matter be "discontinued without prejudice." ECF No. 1-1 at 10.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Subject matter jurisdiction of the district court is not a waivable matter and may be raised at any time by one of the parties or *sua sponte* by the trial court. Fed. R. Civ. P. 12(h). "Fundamental to the right of removal is the requirement that there be a case to remove." *MHM Sponsors Co. v. Permanent Mission of Pak. to United Nations*, 672 F. Supp. 752, 753 (S.D.N.Y. 1987). When Defendant filed its notice of removal with this Court on March 15, 2023, there was no pending action in the Civil Court of the City of New York, County of Bronx, because the voluntary dismissal was so ordered and entered by the state court the previous day. *See* ECF No. 1-1 at 10. Thus, this Court does not have subject matter jurisdiction over the action, and this case must be dismissed. *See* Fed. R. Civ. P. 12(h)(3).

The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: March 22, 2023
      New York, New York

                               _____
                                 ANALISA TORRES
                         United States District Judge